1
2
3
4
5        UNITED STATES DISTRICT COURT
6     EASTERN DISTRICT OF WASHINGTON

7  STERLING SAVINGS BANK,              )
   a Washington State Chartered Bank,  )
8                                      )   NO. **CV-10-306-LRS**
          Plaintiff,                   )
9                                      )   **ORDER GRANTING MOTION**
                                       )   **FOR PRELIMINARY INJUNCTION**,
10        v.                           )   *INTER ALIA*
                                       )
11  OPEN SOLUTIONS, INC.,              )
    a Delaware Corporation,            )
12                                     )
          Defendant.                   )
13  _____     )

14        **BEFORE THE COURT** are Defendant's Motion To Dismiss (Ct Rec. 5)

15  and the Plaintiff's Motion For Preliminary Injunction (Ct. Rec. 12).  Telephonic

16  oral argument was heard on October 7, 2010.

17        For the reasons provided at the hearing, Defendant's Motion To Dismiss

18  (Ct. Rec. 5) is **DENIED** and the Plaintiff's Motion For Preliminary Injunction (Ct.

19  Rec. 12) is **GRANTED**.  Defendant shall commence transferring Plaintiff's test

20  files to Fidelity National Information Services, Inc. (FIS) forthwith, and if at all

21  possible, no later than **5 p.m. PST on Friday, October 8, 2010**.  Furthermore,

22  Defendant shall provide any "deconversion assistance" to FIS attendant to the

23  transfer of the files.

24        This court has jurisdiction to enter this mandatory injunction pursuant to

25  Section 5.6 of the parties' "Information Technology Services Agreement."

26  Defendant's retention of the test files, notwithstanding its receipt of the requested

27  deconversion fee from Plaintiff, constitutes a "misappropriation" of Plaintiff's

28

**ORDER GRANTING MOTION**
**FOR PRELIMINARY INJUNCTION -    1**

"Confidential Information."[1]  Even if it is not a "misappropriation," Section 5.6 broadly provides for "the right to apply to any court of competent jurisdiction for an order restraining any breach or threatened breach of this Agreement **or for any other relief such party deems appropriate**" and that "[s]uch right shall be in addition to any other remedy available to such party at law or in equity." (Emphasis added).  The breach or threatened breach pertains to Section 4.5 which entitles Plaintiff ("Customer") to pay the deconversion fee under protest and "without prejudice" to its rights while the Defendant ("Processor") is obliged to continue providing service.  See also Section 6.4 ("Processor shall continue to provide to Customer all Services upon the terms and conditions hereof during the pendency of any dispute."  Entirely consistent with Section 5.6 is Section 6.3(c) which states that nothing in Article VI (providing for dispute resolution via arbitration) "shall be construed to limit or restrict a party's right to seek equitable relief."

Continued retention of the test files is likely to cause Plaintiff irreparable harm and therefore, per Section 5.6, Plaintiff is entitled to seek relief from this "court of competent jurisdiction."  Serious questions pertaining to the merits of the parties' dispute remain to be resolved and they will be resolved by arbitration per Article VI of the Agreement.  Thus, the parties' dispute as to the propriety of the fee is to be resolved by arbitration, and it is also for the arbitrator to determine whether all prerequisites to said arbitration (Section 6.2) have been satisfied.  The balance of the hardships and the equities tip sharply in favor of Plaintiff which has paid the $1.6 million deconversion fee, albeit under protest, but has not been provided with its test files.  The public interest favors the granting of this

---

[1] See Section 5.1 ("Processor acknowledges that all data received from Customer and its designated Affiliates is strictly confidential . . . .").

**ORDER GRANTING MOTION**
**FOR PRELIMINARY INJUNCTION -    2**

1    injunction because of the potential impact a delayed deconversion could have

2    upon the services Plaintiff provides to its banking customers.

3         **IT IS SO ORDERED**.  The District Executive is directed to enter this order

4    and forward copies to counsel.

5         **DATED** this____7th_____of October, 2010.

6

7                                    *s/Lonny R. Suko*

8                          _____
                                   LONNY R. SUKO
                              Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING MOTION**
**FOR PRELIMINARY INJUNCTION -    3**